CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/13/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

MIDLAND FUNDING LLC, and )
MIDLAND CREDIT MANAGEMENT, )
  Inc., )
                                     )
    Appellants-Defendants, )
                                     )    Civil Action No. 5:18-cv-00128
v. )
                                     )    By: Elizabeth K. Dillon
KAREN THOMAS, GARY L. BROOKS, )       United States District Judge
Jr., and MARY M. GILLESPIE-BROOKS, )
individually and on behalf of a similarly )
situated class of individuals, )
                                     )
    Appellees-Plaintiffs. )

ON APPEAL FROM
THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
Case Nos. 17-AP-05010 and 17-AP-05009

**MEMORANDUM OPINION**

This matter is on appeal from the bankruptcy court. In a consolidated adversary proceeding, Midland Funding LLC and Midland Credit Management, Inc. (Midland) moved to compel plaintiffs and putative class representatives Karen Thomas, Gary L. Brooks, and Mary M. Gillespie-Brooks to arbitrate their claims that Midland violated Federal Rule of Bankruptcy Procedure 3001 and the Fair Debt Collection Practices Act (FDCPA) by filing incorrect proofs of claim for defaulted credit card debt. The bankruptcy court denied Midland's motion, and Midland appealed to the district court. For the reasons set forth below, the court affirms the bankruptcy court's order that plaintiffs' request for sanctions pursuant to Bankruptcy Rule 3001

is not subject to arbitration.  The court expresses no opinion on whether the FDCPA claim should be arbitrated because the bankruptcy court expressly reserved ruling on that issue.  Midland further argues that the bankruptcy court erred when it did not grant its motion to strike the class allegations from plaintiffs' complaints, but the bankruptcy court did not rule on that issue, so the court lacks jurisdiction to address it.

## I.  BACKGROUND

In 2016, each of the three plaintiffs filed for Chapter 13 bankruptcy.  *See In re Thomas*, Case No. 16-50396 (Bankr. W.D. Va.); *In re Brooks*, Case No. 16-50396 (Bankr. W.D. Va.)  In June 2017, plaintiffs filed adversary complaints against Midland, alleging that Midland's standard practice of filing proofs of claim in Chapter 13 proceedings violates Rule 3001 and the FDCPA.  Plaintiffs bring these claims as class action claims on behalf of similarly situated people.  The two adversary complaints were consolidated by the bankruptcy court on September 28, 2017.[1]

In August 2017, Midland filed a motion to dismiss.  On November 30, 2017, the bankruptcy court denied Midland's motion to dismiss the FDCPA claim but granted Midland's motion to dismiss the Rule 3001 claim because plaintiffs did not allege "sufficient facts in the complaint that demonstrate any amounts of expenses or attorney's fees resulting from the failure of Midland to comply with Rule 3001."  (Dkt. No. 17, Record on Appeal 143.)  However, the bankruptcy court granted plaintiffs leave to amend to correct this pleading deficiency.  Plaintiffs filed their amended complaint on December 19, 2017.

On February 1, 2018, Midland filed two motions—a motion to dismiss the amended complaint and a motion to compel arbitration and to strike class action allegations.  On

---

[1] Both parties consented to the bankruptcy court issuing final rulings in the underlying adversary proceedings.  (Dkt. No. 20, Appellant's App'x 540–41.)

September 28, 2018, the bankruptcy court granted in part and denied in part the motion to dismiss.[2] With respect to the second motion—the one at issue in this appeal—Midland argued that plaintiffs' claims were subject to mandatory arbitration pursuant to the credit card agreements for accounts it had acquired from Synchrony Bank. The bankruptcy court observed that Midland was apparently asking it to "stay the proceedings and require the plaintiffs to individually pursue arbitration in order for the arbitrator to find whether Midland has or has not complied with Rule 3001." (Appellants' App'x 556.) The bankruptcy court then detailed the various types of sanctions allowed by Rule 3001, which are "permissive and not mandatory." (*Id.* at 557.) Thus, the bankruptcy court noted that the "discretionary nature of the imposition of such sanctions comports with the reality that the relief exists solely by force of a rule of procedure." (*Id.*) The Bankruptcy Rules of Procedure "do not allow for a private cause for damages from violating a rule of procedure . . . . Instead Rule 3001 gives the Court authority to patrol the parties before it to achieve the efficient, speedy, and just resolution of adversarial and contested matters." (*Id.* at 558.) The bankruptcy court accordingly denied the motion to compel arbitration because it would be

> nonsensical for the Court to order parties to submit to an arbitrator the task of applying and enforcing a procedural apparatus applicable only before this Court. The question of whether an alleged violation of Rule 3001 occurred, and if so whether any relief is appropriate, is not a question of fact or law for arbitration. The Court will not compel the parties to submit procedural mechanisms to arbitration in this case.

---

[2] The bankruptcy court granted the motion to dismiss Count I as to the claims under 15 U.S.C. § 1692e related to the amended proofs of claims but denied the motion to dismiss the claims under 15 U.S.C. § 1692e as to the portions of the complaint addressing Midland's practice of filing the original proofs of claim. (Dkt. No. 20, Appellants' App'x 542–53, 560–61.) The bankruptcy court further denied the motion to dismiss Count I as to the violation of 15 U.S.C. § 1692f and denied the motion to dismiss the Rule 3001 claim (Count II). (*Id.*)

(*Id.*)  Regarding the FDCPA claims in Count I, the bankruptcy court found it "appropriate to retain jurisdiction and determine whether the defendants violated procedural rules before deciding whether it is appropriate to submit the FDCPA implications of such alleged violation to arbitration."  (*Id.*)  The bankruptcy court did not address or rule on the merits of Midland's motion to strike class action allegations.  (*Id.* at 554–59.)  The bankruptcy court's order states that "defendants' motion to compel arbitration, ECF Doc. No. 21, is **DENIED**."  (*Id.* at 561.)

II.  DISCUSSION

**A.  Jurisdiction**

Midland filed a timely notice of appeal from the bankruptcy court's order denying Midland's motion to compel arbitration.  *See* Fed. R. Bankr. 8002(a)(1) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").  An order favoring litigation over arbitration is immediately appealable pursuant to the Federal Arbitration Act (FAA).  *See* 9 U.S.C. § 16(a)(1)(C); *Chorley Enters., Inc. v. Dickey's Barbecue Rest., Inc.*, 807 F.3d 553, 561 (4th Cir. 2015) (stating that 9 U.S.C. § 16 "authorizes interlocutory appeals from a district court's refusal to either stay litigation pending arbitration under Section 3 of the FAA or compel arbitration under Section 4 of the FAA"); *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015) ("an order that favors litigation over arbitration is immediately appealable, even if interlocutory in nature.").  Therefore, the court has jurisdiction over Midland's appeal from the denial of its motion to compel arbitration.  *See In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1149 (9th Cir. 2016) ("We have jurisdiction to review the bankruptcy court's order denying the motion to compel arbitration" pursuant to the FAA).

Midland argues that the court has jurisdiction over its motion to strike class action allegations. Unlike the denial of a motion to compel arbitration, however, there is no automatic right to an interlocutory appeal with respect to a motion to strike, and Midland did not move for leave of court to file an interlocutory appeal as to that issue. 28 U.S.C. § 158(a)(3) (providing that district courts shall have jurisdiction to hear appeals "with leave of court, from other interlocutory orders and decrees"); Fed. R. Bankr. 8004(a), (b) (stating the procedural requirements for requesting leave to appeal from an interlocutory under § 158(a)(3)). Midland argues that the court should exercise pendent appellate jurisdiction over the bankruptcy court's refusal to strike the class allegations. The doctrine of pendent appellate jurisdiction, however, cannot be used to append issues to an already existing interlocutory appeal. As the Fourth Circuit explained in a bankruptcy appeal where appellate jurisdiction over an interlocutory order denying a motion to compel arbitration was "authorized solely by 9 U.S.C. § 16(a)(1)(A)," to "apply the doctrine of pendent appellate jurisdiction in this context would be to sanction the conversion of a narrow, statutorily authorized interlocutory appeal into a full-blown appeal, precisely the effect that the . . . Court [has] sought to avoid." *Moses v. CashCall, Inc.*, 781 F.3d 63, 80 (4th Cir. 2015) (citing *Swint v. Chambers Cnty. Comm'n*, 415 U.S. 35, 45 (1995)). Midland also argues that the court should treat its notice of appeal as a motion for leave to appeal and enter an order granting leave to appeal this issue. The court declines to do so because the bankruptcy court did not address the merits of Midland's argument that plaintiffs waived their right to pursue a class action. As a result, there is nothing for this court to review on appeal with respect to the class action allegations, and the court will not address that issue in this appeal.

## B. Standard of Review

In general, the standard of review of a bankruptcy appeal in district court is the same standard used when an appellate court reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2) (providing that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"). The district court reviews the bankruptcy judge's findings of fact under the "clear error" standard. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). In contrast, the bankruptcy court's conclusions of law are subject to de novo review. *Id.* The district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).

Whether a bankruptcy court has discretion to deny a motion to compel arbitration is a question of law subject to de novo review. *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019-20 (9th Cir. 2012) (citing *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002)). If the bankruptcy court did have discretion, its exercise of that discretion is naturally reviewed only for abuse of discretion. *Id.* at 1020; *see also Moses*, 781 F.3d at 71–72; *id.* at 82–88 (Gregory, J., concurring) (discussing the circumstances where the bankruptcy court may exercise its discretion to retain claims in bankruptcy rather than send them to arbitration). As discussed below, the court concludes that the bankruptcy court had discretion to deny Midland's motion to compel arbitration, and the bankruptcy court did not abuse that discretion.

## C. Midland's Motion to Compel Arbitration

In *Moses*, the Fourth Circuit addressed the interplay between the FAA and the bankruptcy code. In cases where "tension arises between the FAA and another statute, the Supreme Court has provided a framework for resolving it, holding that the party seeking to prevent enforcement

6

of an applicable arbitration agreement must show that 'Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.'" *Moses*, 781 F.3d at 71 (quoting *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90 (2000)). That intent must be deducible from (1) the statute's text; (2) its legislative history; or (3) "an inherent conflict between arbitration and the statute's underlying purposes." *Id.* "Where such an intent can be deduced, the court of first impression has *discretion* to decide whether to withhold arbitration, a decision that is subject to review for abuse of that discretion." *Id.* at 71–72 (emphasis in original).

Important but not dispositive to this analysis is the distinction between core bankruptcy claims and non-core bankruptcy claims. Bankruptcy courts may decide core bankruptcy claims, which pursuant to statute include the "allowance or disallowance of claims against the estate" and "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(B)–(C); *see also In re Barker*, 510 B.R. 771, 778 (Bankr. W.D.N.C. 2014) ("A cause of action is constitutionally core under *Stern* [*v. Marshall*, 564 U.S. 462 (2011)] if it (1) arises from the bankruptcy itself or (2) necessarily needs to be resolved in the claims allowance process."). A non-core claim, on the other hand, is "ancillary to the underlying bankruptcy." *Moses*, 781 F.3d at 83 (Gregory, J., concurring). Courts generally have no discretion to refuse to arbitrate a non-core claim, but the core/non-core distinction "is not mechanically dispositive in deciding whether a bankruptcy judge may refuse to send a claim to arbitration." *Id.* "Instead what matters fundamentally is whether compelling arbitration for a claim would inherently undermine the Bankruptcy Code's animating purpose of facilitating efficient reorganization of an estate through the '[c]entralization of disputes concerning a debtor's legal obligations.'" *Id.* (quoting *Phillips v. Congelton, LLC*, 403 F.3d 164, 170 (4th Cir. 2005)).

7

In their amended class action complaint, plaintiffs allege that Midland violated Rule 3001 by filing proofs of claims that falsely answer "no" to the question whether the amount claimed includes interest, fees, or other charges. For proofs of claim answering "yes" to that question, plaintiffs allege that Midland did not file a statement itemizing the interest, fees, and other charges. *See* Fed. R. Bankr. P. 3001(c)(2)(A) ("If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."). Plaintiffs further allege that Midland does not provide the credit card contract in response to a written request for the writing upon which the claim is based. *See* Fed. R. Bankr. P. 3001(c)(3)(B) ("On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision."). If a creditor fails to comply with Rule 3001(c), the bankruptcy court may "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless." Fed. R. Bankr. P. 3001(c)(2)(D)(i). The bankruptcy court may also "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." Fed. R. Bankr. P. 3001(c)(2)(D)(ii).

As the bankruptcy court observed, plaintiffs' assertion that Midland's manner of filing proof of claims violates Bankruptcy Rule 3001 is not a private cause of action. Instead, the purpose of Rule 3001 is to establish "certain minimum standards for proofs of claim," *In re Cluff,* 313 B.R. 323, 332 (Bankr. D. Utah 2004), and the bankruptcy court is entrusted with discretion to enforce those standards by imposing sanctions if the standards are not satisfied. *See*

*also In re Crutchfield*, 492 B.R. 60, 73 (Bankr. M.D. Ga. 2013) ("Bankruptcy Rule 3001's essential purpose" is to provide "objecting parties with sufficient information to evaluate the nature of the claims"). Two animating purposes of the Bankruptcy Code—prompt administration of the bankruptcy estate and the centralization of disputes regarding a debtor's legal obligations—would be severely undermined if a distant arbitrator was tasked with the discretion to determine if a creditor should be sanctioned for a Rule 3001 violation. *See Moses*, 781 F.3d at 72 (explaining that a "principal purpose" of the Bankruptcy Code is to "provide debtors and creditors with the prompt and effectual administration and settlement of the debtor's estate" and to "centralize disputes over the debtor's assets and obligations in one forum, thus protecting both debtors and creditors from piecemeal litigation and conflicting judgments").

Plaintiffs' request for sanctions under Bankruptcy Rule 3001 is thus unlike the non-core claim found subject to arbitration in *Moses*. In *Moses*, the court held that the bankruptcy court erred by retaining in bankruptcy a claim under the North Carolina Debt Collection Act. 781 F.3d at 85–88 (Gregory, J., concurring). Such a claim is a private cause of action, not a request for sanctions emanating from the bankruptcy court's inherent authority to supervise its own proceedings.

The *Moses* court also affirmed the bankruptcy court's retention in bankruptcy of the debtor's claim for a declaration that the loan underlying the debt was unenforceable. The court found that the claim was "statutorily core" because it involved "allowance or disallowance of claims against the estate," and was "constitutionally core" because "the validity of the loan agreement would 'necessarily be resolved' in adjudicating CashCall's proof of claim and Moses' objections thereto." 781 F.3d at 70 (quoting *Stern*, 131 S. Ct. at 2618). Resolution of this claim "could directly impact claims against Moses' estate and her plan for financial reorganization"

because if "a tribunal were to hold that CashCall's loan is invalid, CashCall could petition the bankruptcy court as an 'allowed unsecured creditor' to share in Moses' assets." *Id.* at 72. Ordering arbitration of a dispute that "directly pertains to Moses' plan for reorganization would 'substantially interfere with [her] efforts to reorganize.'" *Id.* at 73 (quoting *Phillips v. Congelton, LLC*, 403 F.3d 164, 170 (4th Cir. 2005)). Therefore, the court concluded that "forcing Moses to arbitrate her constitutionally core claim would inherently conflict with the purposes of the Bankruptcy Code." *Id.*

Allowing an arbitrator to enforce the requirements of Bankruptcy Rule 3001 would similarly conflict with the purposes of the Bankruptcy Code. If, for example, the arbitrator found that Midland should be precluded from "presenting the omitted information," Rule 3001(c)(2)(D)(i), i.e., the itemized statement of interest, fees, and other charges, such preclusion could result in the disallowance of Midland's claim. *See In re Cluff*, 313 B.R. at 332 (explaining that if the proof of claim complies with Rule 3001, the claim enjoys "*prima facie* evidence of the validity and amount of the claim"). More generally, giving an arbitrator supervisory authority over the claim-filing process would substantially interfere with plaintiffs' efforts to reorganize their financial affairs in bankruptcy. Therefore, the bankruptcy court did not abuse its discretion when denying Midland's motion to compel arbitration of the alleged Rule 3001 violations.

The court also finds that the bankruptcy court did not abuse its discretion by retaining jurisdiction over the FDCPA claims. Because the FDCPA claims "boil down to a determination of whether Midland has complied with the procedural rules governing bankruptcy proceedings," the bankruptcy court found it "appropriate to retain jurisdiction and determine whether the defendants violated procedural rules before deciding whether it is appropriate to submit the FDCPA implications of such alleged violation to arbitration." (Appellant's App'x 558.)

10

Accordingly, the bankruptcy court has not definitively ruled on whether the FDCPA claims should be submitted to arbitration. Midland can renew its argument in favor of arbitration after the bankruptcy court resolves the Rule 3001 issue.

### III. CONCLUSION

For the foregoing reasons, the bankruptcy court's denial of Midland's motion to compel arbitration will be affirmed. The bankruptcy court did not abuse its discretion by retaining the Rule 3001 claims because submitting those claims to arbitration would inherently conflict with the purposes of the Bankruptcy Code. The bankruptcy court also did not abuse its discretion by retaining the FDCPA claims until it has a chance to resolve the Rule 3001 issue. Finally, the court lacks jurisdiction over the issue of class action waiver.

An appropriate order will follow.

Entered: August 13, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge